**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIM NO: 15-00031 (BAH)** |
| | : | |
| v. | : | |
| | : | |
| **COMMERZBANK AG, and** | : | |
| **COMMERZBANK AG NEW YORK** | : | |
| **BRANCH** | : | |
| Defendants. | : | |

**GOVERNMENT'S UNOPPOSED MOTION TO DISMISS**
**WITH PREJUDICE THE CRIMINAL INFORMATION**

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the United States Attorney's Offices for the Districts of Columbia and the Southern District of New York, together with the United States Department of Justice's Money Laundering and Asset Recovery Section (collectively, the "United States" or "government"), hereby move to dismiss with prejudice the Criminal Information filed in the above-captioned case against the defendants, Commerzbank AG and Commerzbank AG New York Branch (collectively "Commerzbank").  In support of this request, the United States relies on the following:

1.      On March 12, 2015, the United States filed with this Court a Criminal Information charging Commerzbank with: (1) knowingly and willfully conspiring to violate the International Emergency Economic Powers Act ("IEEPA"), in violation of Title 18, United States Code, Section 371, (2) willfully violating the Bank Secrecy Act ("BSA") for failing to maintain an effective anti-money laundering program, in violation of Title 31, United States Code, Sections 5318(h) and 5322(b) and (c), (3) willfully violating the BSA for failing to file a Suspicious Activity Report, in violation of Title 31, United States Code, Sections 5318(g) and 5322(b) and (c), and (4) willfully violating the BSA for failing to conduct due diligence on correspondent banking accounts, in violation of Title 31, United States Code, Sections 5318(i) and 5322(d).

2.      On March 11, 2015, the United States and Commerzbank entered into a three-year Deferred Prosecution Agreement ("DPA").  The DPA required, among other things, that Commerzbank acknowledge responsibility for its criminal conduct, which included (1) processing financial transactions by wire into the United States and United States financial institutions involving sanctioned entities, or entities affiliated with sanctioned countries such as Iran or Sudan; and (2) failing to maintain adequate policies, procedures, and practices to ensure its compliance with United States law, including its obligation to detect and report suspicious activity.

3.      As part of the DPA, Commerzbank agreed to the following conditions, among others: (a) to acknowledge and accept responsibility for its actions, (b) to terminate the conduct at issue in the DPA and referenced in the Statement of Facts attached to the DPA, (c) to continue its cooperation with the United States, (d) to settle any and all civil and criminal claims currently held by the United States for any act within the scope of, or related to, the Statement of Facts, (e) to forfeit to the United States $563 million and pay a $79 million fine, (f) to continue implementation of a compliance and ethics program designed to prevent and detect violations of IEEPA, (g) to

continue to implement a compliance and ethics program designed to ensure compliance with the BSA, including implementing an effective anti-money laundering compliance program, adequate customer due diligence for correspondent accounts, and appropriate detection and reporting of suspicious activity, (h) to provide to the United States any reports Commerzbank was required to provide to the Department of the Treasury's Office of Foreign Assets Control, the Board of Governors of the Federal Reserve System ("Federal Reserve"), or the New York State Department of Financial Services ("DFS"), and any reports issued to Commerzbank by the compliance consultant or monitor imposed by the Federal Reserve or DFS, and (i) to report to the United States every 90 days during the term of the DPA regarding remediation and implementation of the required compliance and ethics measures.

4. If Commerzbank fully complied with all of its obligations under the DPA, the United States agreed to seek dismissal with prejudice of the Criminal Information filed against Commerzbank.

5. With respect to Commerzbank's obligations to the United States under the DPA, the government understands and states that Commerzbank has satisfied all of the conditions and obligations imposed by the DPA. The United States, through a review of, among other information, law enforcement records, relevant banking records and materials, and publicly available sources, has determined that there is no known information that would indicate Commerzbank failed to comply with the requirements and obligations of the DPA.

6. Given that Commerzbank has fully cooperated with the United States, complied with all of its obligations under the DPA, and not otherwise violated the DPA, the United States therefore submits that dismissal with prejudice of the Information is appropriate. Specifically, Commerzbank has, among other things: paid the financial penalties which include forfeiture to the

United States of $563 million and a $79 million fine, provided compliance reports to the United States as required under the DPA, shared the monitors' reports issued per agreements between Commerzbank and the Federal Reserve or DFS, and implemented and continues to take steps to enhance, a compliance and ethics program focused and designed to prevent and detect violations of IEEPA and the BSA.  Consequently, the United States submits dismissal with prejudice is warranted here.  *See*, *e.g.*, *Rinaldi v. United States*, 434 U.S. 22, 29-30 (1977) ("[t]he salient issue . . . is not whether the decision to maintain the federal prosecution was made in good faith but rather whether the Government's later efforts to terminate the prosecution[, by way of filing a Rule 48(a) motion,] were . . . tainted with impropriety"); *United States v. Fokker Services B.V.*, 818 F.3d 733, 742-43 (D.C. Cir. 2016) (discussing the court's authority when evaluating Rule 48(a) motions and stating that "the leave of court authority gives no power to a district court to deny a prosecutor's Rule 48(a) motion to dismiss charges based on a disagreement with the prosecution's exercise of charging authority"); *United States v. Henderson*, 951 F. Supp. 2d 228, 232 (D. Mass. 2013) (granting the government's Rule 48(a) motion to dismiss with prejudice and recognizing that "in the larger scheme of criminal justice proceedings, it is for the government to make the decision whether further pursuing prosecution [] is a fair, reasonable, and proportionate exercise of prosecutorial discretion") (internal quotations and citations omitted).

WHEREFORE, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the United States respectfully requests this Court grant the Government's Motion to Dismiss With Prejudice the Criminal Information in the above-captioned matter.   A proposed order is attached.

    Respectfully submitted,

    JESSIE K. LIU
    United States Attorney
    D.C. Bar No. 472845

By:    /s/
    Maia L. Miller
    Assistant United States Attorney
    VA Bar No. 73221
    National Security Section
    United States Attorney's Office
    555 4th Street NW, Room 11-858
    Washington, D.C. 20530
    (202) 252-6737
    maia.miller@usdoj.gov

    DEBORAH L. CONNOR
    Acting Chief

By:    /s/
    Margaret A. Moeser
    Senior Trial Attorney
    Money Laundering and Asset
    Recovery Section, Criminal Division
    U.S. Department of Justice
    1400 New York Ave, NW
    Washington, D.C. 20005

    GEOFFREY S. BERMAN
    United States Attorney

By:    /s/
    Alexander J. Wilson
    Assistant United States Attorney
    United States Attorney's Office
    1 St. Andrews Plaza
    New York, New York 10007

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the Government's Unopposed Motion to Dismiss With Prejudice the Criminal Information was served upon counsel of record this 26th day of April 2018.

_____/s/_____
Maia Luckner Miller
Assistant United States Attorney